UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMELING L. BAHENA,<br>Plaintiff,<br>v.<br>J. MILLER, *et al.*,<br>Defendants. | Case No. 2:26-cv-3518-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, alleges that defendants J. Miller, B. Wagner, A. Zepeda, J. Barajas, and Garnica violated his First Amendment right to the free exercise of his religion and violated his Eighth Amendment rights by subjecting him to cruel and unusual punishment. After review of the complaint, I find that plaintiff's First Amendment free exercise claim against J. Miller, B. Wagner, and A. Zepeda is suitable to proceed past screening. His Eighth Amendment claim and his claims against J. Barajas and Garnica, by contrast, are non-cognizable as articulated. Plaintiff may elect to proceed only with his First Amendment claims against defendants Miller, Wagner, and Zepeda, or delay serving any defendant and file an amended complaint. Additionally, I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

Screening Order

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff alleges that, on May 21, 2026, defendants Miller, Zepeda, and Wagner refused, without justification, to allow him to attend a bible study religious service. ECF No. 1 at 6. He claims that this was not an isolated incident and that, for the three preceding weeks, these

defendants had similarly refused to allow him to attend the religious service. *Id.* These allegations are sufficient to state a First Amendment free exercise claim against these three defendants.

Plaintiff also appears to allege that these same allegations give rise to an Eighth Amendment deliberate indifference claim, *id.* at 6, but there does not appear any basis for such a claim. To sustain an Eighth Amendment claim, a plaintiff must allege at least some de minimis physical injury, which the complaint here fails to do. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Plaintiff's First Amendment retaliation claim is non-cognizable because he has failed to adequately link the adverse actions complained of to any specific protected activity. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) ("Hines' retaliation claim must rest on proof that Pearson filed the disciplinary action against him in retaliation for Hines' exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest.").

Finally, plaintiff's claims against defendants Barajas and Garnica are non-cognizable. Plaintiff's allegation that Barajas failed to adequately answer his grievance, ECF No. 1 at 7, does not give rise to a federal claim because there is no right to any specific grievance procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). And, despite reviewing the complaint to the best of my ability, I can discern no claim that defendant Garnica, the facility warden, had any personal involvement in the alleged violations. Plaintiff is advised that there is no respondeat superior liability in a section 1983 action. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff may either proceed only with the First Amendment free exercise claims deemed cognizable in this order, or delay serving any defendant and file another amended complaint. If he elects to file an amended complaint, he is advised that it must be complete in itself, filed on the form included with this order, and be titled "Amended Complaint."

Accordingly, it is ORDERED that:

1. Within thirty days, plaintiff may confirm his intent to proceed only with the First Amendment free exercise claim against J. Miller, B. Wagner, A. Zepeda or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant. If plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for the aforementioned defendants.

2. The Clerk of Court shall send plaintiff a complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE